UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARGARET KINNEY, *et al.*,  )
)
    Appellants,  )
)
v.  )    No. 3:21-CV-132-TAV-JEM
)
F. SCOTT MILLIGAN,  )
)
    Appellee.  )

## REPORT AND RECOMMENDATION

This matter is before the undersigned by Order of the District Judge [Doc. 7] for consideration of the Appellants' Motion to Vacate, Reverse, or Set Aside Order for Dismissal of Adversary Complaints [Doc. 6]. For the reasons below, the Court **RECOMMENDS** that the motion [**Doc. 6**] be **DENIED**.

On, May 28, 2021, District Judge Thomas A. Varlan entered an order dismissing this case with prejudice for failure to comply with Fed. R. Bankr. P. 8003(a)(3)(B) and (C) and for failure to show cause why the appeal should not be dismissed [Doc. 5]. On June 8, 2021, Appellants filed a motion requesting that the Court enter an order vacating, reversing, or setting aside the Court's dismissal of the appeal [Doc. 6]. Appellants argue that the Court's order of dismissal should be set aside because there was a pending Motion to Consolidate Adversary Complaints in a case related to this matter, *see* Case Number 3:18-cv-00227-TAV-HBG [Doc. 41] (the "Motion to Consolidate"), and that it was a violation of the Appellants' Fifth Amendment right to due process of law to dismiss the appeal without first ruling on the motion to consolidate. The Court entered an order on November 19, 2021, denying the Motion to Consolidate because it was filed without

the Court's authorization and was not well taken.  *See* Case Number 3:18-cv-00227-TAV-HBG [Doc. 44].

As a threshold matter, the Court notes that "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Purvey v. Knoxville Police Dep't*, No. 3:20-cv-317, 2021 WL 1840443, at *2 (E.D. Tenn. May 7, 2021) ("[T]he Court recognizes that *pro se* pleadings are to be held to a less stringent standard . . . ."). While not specifically stated in Appellants' motion, the Court interprets it to be a request for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  *See Lee v. Money Gram Corp. Off.*, No. 15-cv-13474, 2018 WL 3100903, at *1 (E.D. Mich. June 25, 2018) (finding the magistrate judge's report and recommendation appropriate in which he construed pro se plaintiff's motion filed after district court's order of dismissal as a motion for relief from judgment under Rule 60(b) when motion was filed without reference to any rule).  Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date

of the proceeding." Fed. R. Civ. P. 60(c)(1). "Furthermore, the party seeking relief pursuant to Rule 60(b) bears the burden of establishing that its prerequisites are satisfied." *Vectair USA, LLC v. Cmty. Bancshares*, No. 2:16-cv-02911-JTF-cgc, 2018 WL 10374817, at *2 (W.D. Tenn. Mar. 1, 2018) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). "The movant must establish the necessary grounds by clear and convincing evidence." *Vectair,* 2018 WL 10374817, at *2 (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). "A decision to grant or deny a Rule 60(b) motion is within the discretion of the trial court and is reviewed for an abuse of discretion. *Vectair,* 2018 WL 10374817, at *2 (citing *Eglinton v. Loyer*, 340 F.3d 331, 334 (6th Cir. 2003)).

While the Motion to Consolidate was not addressed by the Court until it was denied on November 19, 2021, *see* Case Number 3:18-cv-00227-TAV-HBG [Doc. 44], which was after the entry of the order dismissing this case for failure to comply with Fed. R. Bankr. P. 8003(a)(3)(B) and (C) and for failure to show cause why the appeal should not be dismissed [Doc. 5], Appellants have cited to no case law or any other authority in support of their assertion that their Fifth Amendment right to due process of law required the Court to address the Motion to Consolidate before the dismissal. Furthermore, the Court finds that Appellants have failed to establish a right to relief under Rule 60(b) by clear and convincing evidence for any of the reasons listed above.

In liberally construing the Appellant's motion, the undersigned has also analyzed the motion as one to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Ross v. Cauley*, No. 1:17-CV-104-TAV-SKL, 2018 WL 4685441, at *1 (E.D. Tenn. Sept. 28, 2018) (liberally construing pro se petitioner's motion as one for relief under Rule 59(e) despite petitioner failing to specify the legal basis for the requested relief). "Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to 'alter or amend a judgment' within

3

'28 days after entry.'" *Id.* (quoting *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)). "The Rule's purpose 'is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.' *Ross*, 2018 WL 4685441, at *1 (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). "A Rule 59(e) motion may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Besser v. Sepanak*, 478 Fed. App'x. 1001, 1001 (6th Cir. 2012) (internal citation omitted).

The order of dismissal was entered on May 28, 2021, and Appellants' motion was filed on June 8, 2021; thus, the Court finds that the motion was timely filed. Appellant argues that the Court's failure to rule on the pending motion for consolidation prior to entering the order of dismissal was an error of law and violated Appellants' right to due process of law under the Fifth Amendment. But again, Appellant fails to cite to any legal authority for these assertions, and it does not appear that it was error for the Court to enter the order of dismissal prior to ruling on the motion for consideration. *See Jordan v. City of Taylor*, Nos. 14-cv-13796, 15-cv-2415, 2015 WL 4724900, at *3 (E.D. Mich. Aug. 10, 2015) (simultaneously dismissing plaintiff's complaint and denying plaintiff's motion to consolidate as moot). Appellants, therefore, are not entitled to relief under Rule 59(e), as they have presented no clear error of law, newly discovered evidence, an intervening change in controlling law, nor any manifest injustice other than the vague arguments that their rights under the Fifth Amendment have been violated.

4

Case 3:21-cv-00132-TAV-JEM   Document 9   Filed 02/02/22   Page 4 of 5   PageID #: 32

Based on the foregoing, the Court **RECOMMENDS**[1] that Appellants' Motion to Vacate, Reverse, or Set Aside Order for Dismissal of Adversary Complaints [**Doc. 6**] be **DENIED**.

Respectfully Submitted,

*/s/ Jill E. McCook*

Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).